IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD CHARLES PUGH, # 249863, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv18-WKW |
| ) | (WO) |
| CHERYL PRICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Ronald Charles Pugh ("Pugh") on January 7, 2015.[2] Pugh challenges his 2009 convictions in the Dale County Circuit Court for the offenses of reckless murder and trafficking in marijuana. In his petition, he presents various claims of trial court error and ineffective assistance of counsel. The respondents argue that the petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. Doc. No. 7. The court agrees and finds that Pugh's petition should be denied without an evidentiary hearing.

---

[1]Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Citations to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer, Doc. No. 7. Page references are to those assigned by CM/ECF.

[2]Although the petition was stamped as received in this court on January 12, 2015, it was signed by Pugh on January 7, 2015. Doc. No. 1 at 16. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Pugh] signed it…." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II.   DISCUSSION

*AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*State Court Proceedings*

Pugh was convicted of reckless murder and trafficking in marijuana following a jury trial in the Dale County Circuit Court.  See Resp'ts Ex. A.  On November 3, 2010, the trial court sentenced Pugh as a habitual felony offender to life in prison without parole.  *Id*.  Pugh appealed, and on December 9, 2011, the Alabama Court of Criminal Appeals affirmed his conviction and

sentence by memorandum opinion. Resp'ts Ex. B. Pugh did not file an application for rehearing, and on December 30, 2011, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp'ts Ex. C.

On December 21, 2012, Pugh filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his conviction and sentence. *See* Resp'ts Ex. A at 2. The Rule 32 petition alleged numerous claims of trial court error, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel. *Id*. An evidentiary hearing was held on the petition on August 1, 2013. The trial court denied the Rule 32 petition by order entered on August 28, 2013. Pugh appealed from the denial of his Rule 32 petition, and on September 19, 2014, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Resp'ts Ex. A. After Pugh's application for rehearing was overruled, Pugh filed a petition for writ of certiorari with the Alabama Supreme Court. Resp'ts Ex. D. That petition was denied by the Alabama Supreme Court on November 14, 2014, and a certificate of judgment was issued the same date. Resp'ts Ex. E.

*Application of 28 U.S.C. § 2244(d)*

Here, Pugh's conviction became final in state court on December 30, 2011, with the Alabama Court of Criminal Appeals' issuance of a certificate of judgment on Pugh's direct appeal.[3] Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period commenced on that date.

---

[3]Because Pugh did not file a proper application to rehear the Alabama Court of Criminal Appeals' decision and did not file a certiorari petition in the Alabama Supreme Court, he was not entitled to an additional 90 days for seeking certiorari review in the United States Supreme Court. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation ...." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). Pugh filed his state Rule 32 petition on December 21, 2012. Under § 2244(d)(2), that filling tolled the limitation period for filing a § 2254 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). When the Rule 32 petition was filed, the period for Pugh to file a § 2254 petition had run for 357 days (i.e., from December 30, 2011, to December 21, 2012), leaving Pugh 8 days (365 days minus 357 days) within which to file a § 2254 petition once the federal habeas clock began to run again.

The certificate of judgment for the state court proceedings on Pugh's Rule 32 petition was issued on November 14, 2014, at which time the federal limitation period began to run again. The limitation period then ran unabated for the remaining 8 days on the federal habeas clock until November 22, 2014, a Saturday. The first business day November 22, 2014, was November 24, 2014 – the date on which no time remained on the federal clock and by which Pugh must have filed a § 2254 petition that would be considered timely. However, Pugh did not file his § 2254 petition until January 7, 2015 – i.e., 44 days after the limitation period had expired.[4]

*Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."

---

[4]The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Pugh by affording a different triggering date such that AEDPA's limitation period commenced on some date later than December 30, 2011, or (counting tolling under § 2244(d)(2)) expired on some date later than November 24, 2014. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

*Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 Fed.App'x 902, 903 (11th Cir. 2006). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 Fed.App'x 302, 306 (11th Cir. 2009).

Pugh argues he is entitled to equitable tolling – and that the filing of his § 2254 petition beyond AEDPA's limitation period should be excused – because he did not receive timely notice from his appellate counsel of the Alabama Court of Criminal Appeals' issuance of the memorandum opinion affirming his conviction on direct appeal on December 9, 2011, or of the court's entry of its certificate of judgment on December 30, 2011. *See* Doc. No. 12. According to Pugh, he did not did learn of the Court of Criminal Appeals' decision until June 14, 2012, through a letter sent to him by his appellate counsel, approximately six months after the certificate of judgment was entered. At that time, Pugh undertook an ultimately unsuccessful effort to have the Court of Criminal Appeals extend the time for him to apply for rehearing of its December 9, 2011 decision. When that effort failed, Pugh filed his (timely) Rule 32 petition in the trial court, on December 21, 2012. Pugh argues that the six-month delay in his receiving notice of the Court of Criminal Appeals' disposition of his direct appeal should be "added" to the end of the federal limitation period in his case, so that he would be allowed an additional six months to file his § 2254 petition beyond the time AEDPA's limitation period would otherwise have expired. Doc. No. 12 at 5-6. Pugh's argument for equitable tolling fails for several reasons.

First, Pugh makes no showing of his reasonable diligence in attempting to ascertain the outcome in his direct appeal during the time between the Alabama Court of Criminal Appeals' issuance of a certificate of judgment in December 2011 and his appellate counsel's June 2012 letter notifying him of the outcome in his appeal. For instance, Pugh does not cite to any attempts on his part to contact his appellate counsel or the Court of Criminal Appeals to stay apprised of the status of his case. Next, after receiving counsel's letter in June 2012, Pugh did not file a Rule 32 petition until over five more months elapsed, a delay attributable to Pugh that further consumed the time on the federal habeas clock running against him. Pugh's delay in seeking to vindicate his rights through a Rule 32 petition (a tolling event) further reflects a lack of reasonable diligence on his part. *See Felton v. Florida*, 153 Fed. App'x 620, 621 (11th Cir. 2005); *Williams v. Sec'y, Florida Dep't of Corr.*, 2015 WL 4459503 at *2 (M.D. Fla. Jul. 21, 2015); *United States v. Preyear*, 2010 WL 4026087 at *3 (S.D. Ala. Sep. 22, 2010). Finally, even after the state court proceedings on Pugh's Rule 32 petition concluded with the Alabama Supreme Court's November 14, 2014 issuance of the certificate of judgment in those proceedings, Pugh still had until November 24, 2014, to file his § 2254 petition (or even to file a "placeholder petition" that would have tolled the federal clock). However, he waited until January 7, 2015, to file his petition with this court – again failing to exercise reasonable diligence in seeking to vindicate his rights.[5]

For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not

---

[5]Even if this court were to assume that Pugh has demonstrated his reasonable diligence in seeking to keep apprised of the outcome of his direct appeal, he fails to demonstrate any diligence to act to toll the federal habeas clock after receiving his appellate counsel's June 2012 letter.

6

exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003). Under the circumstances discussed above, the connection between Pugh's untimely receipt of notice of the disposition of his direct appeal by the Alabama Court of Criminal Appeals – the "extraordinary circumstance" posited by Pugh – and Pugh's subsequent delay in pursuing his rights in state and federal court is too attenuated to justify equitable tolling. Pugh's failure to demonstrate his reasonable diligence in pursuing his rights defeats his eligibility for equitable tolling. Because he did not file his § 2254 petition within the AEDPA's limitation period, his petition is time-barred under § 2244(d) and his claims are not subject to further review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before February 20, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 6th day of February, 2016.

                                                 /s/ Susan Russ Walker
                                                 Susan Russ Walker
                                                 Chief United States Magistrate Judge